IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL COOKS                           *
                Petitioner,
      v.                                *      CIVIL ACTION NO. RWT-06-745

UNITED STATES OF AMERICA        *
                Respondent.
                                        ***

## MEMORANDUM OPINION

On March 22, 2006, this Court received for filing a "Pro Se Motion to Move and File the Annexed Motion...."  (Paper No. 1).  The document was filed by Michael Cooks ("Cooks"), an inmate confined at the Federal Correctional Institution in Cumberland, Maryland.[1]  Cooks requests a copy of the docket entries from his underlying criminal case, a § 2241 form packet with instructions, an in forma pauperis application, and a civil cover sheet.  (Id.).   He further requests that the Court appoint him counsel to assist him in filing a § 2241 action.  (Id.).  The pleading was construed as a § 2241 petition for habeas corpus relief and instituted as the instant case.  The matter shall, however, be dismissed without prejudice for reasons to follow.

According to the materials, Cooks was convicted in the Superior Court of the District of Columbia ("Superior Court").  On March 1, 2006, he filed a motion to file a 28 U.S.C. § 2241 petition with Superior Court Judge Craig Iscoe.  (Id. at Attachments).  By letter dated March 15, 2006, a legal intern for Judge Iscoe informed Cooks that (i) because he was currently in a federal facility, the Superior Court did not have jurisdiction to hear his habeas petition, and (ii) the Superior Court did not have the proper forms for filing a petition for writ of habeas corpus in a federal district

---

[1]     The identification number provided by Cooks is listed under the  name of a different inmate in the U.S. Bureau of Prisons locator registry.

court.   (Paper No. 1 at Attachments).  In response to that letter, Cooks filed the instant materials with this Court.

Cooks apparently seeks to raise a direct attack on his conviction in the Superior Court by filing a § 2241 petition.[2]  Although Cooks is confined in a U.S. Bureau of Prisons facility, it appears that he is being housed at that prison as a District of Columbia offender.   While this Court may have personal jurisdiction over Cooks's § 2241 petition due to his confinement in a federal prison in Maryland, Cooks may not use § 2241 to raise a direct attack on his Superior Court conviction.   The law is well established that 28 U.S.C. § 2241 petitions are intended to address the execution of a sentence rather than its validity, i.e., imposition or duration.  See In re Vial, 115 F.3d 1192 (4th Cir. 1997).   In any event, there is no information that Cooks has exhausted his remedies as required prior to filing the § 2241 action.[3]  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U. S. 484, 490-91 (1973).

Finally, insofar as Cooks seeks a reduction of his Superior Court sentence under 18 U.S.C. § 3582(c)(2), his request shall be denied.  18 U.S.C. § 3582(c)(2) allows a court to modify a sentence imposed in the federal courts in limited circumstances.  The statute is not applicable here.

---

[2]     To the extent that Cooks is seeking a § 2241 form packet, indigency application, and civil cover sheet, the Clerk shall be directed to mail him those forms.   This Court, however, does not maintain or have copies of the docket for the Superior Court.

[3]     A prisoner held under a conviction of the Superior Court is, for purposes of habeas relief, considered a "state" prisoner and he may obtain federal habeas corpus relief through 28 U.S.C. § 2254 in the district where he was convicted after exhausting the remedies available to him in the District of Columbia court system.  See Banks v. Smith, 377 F.Supp.2d 92, 93-95 (D. D.C. 2005); see also 28 U.S.C. § 2254(b)(1) (A). These remedies are set out, in part, under District of Columbia Code ("D.C. Code").  D.C. Code § 23-110 requires that prisoners held "under sentence of the Superior Court" file a writ of habeas corpus with the Superior Court.  Thus, § 23-110 provides a post-conviction forum for a prisoner sentenced in Superior Court. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

A separate Order follows dismissing this Petition without prejudice.


Date: April 26, 2006                            _____/s/_____
                                                Roger W. Titus
                                                United States District Judge